LESLIE K. ICZKOVITZ # 2393
Law Offices of Leslie K. Iczkovitz
1350 Ala Moana Boulevard, Suite 1508
Honolulu HI 96814
Tel: (808) 523-8449
Fax: (808) 356-0832
Email: lesisko@aol.com

Attorney for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 1 6 2011
at 3 o'clock and 40 min P M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BABY ANN A. RILVERIA,<br><br>   Plaintiff,<br>v.<br><br>NATIONAL COMMERCIAL SERVICES, INC.,<br><br>   Defendant. | Case No.: **CV11 00495 SOM RLP**<br><br>Hon.<br><br>**PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL; EXHIBIT "A"; SUMMONS** |

## PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, BABY ANN A. RILVERIA ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, NATIONAL COMMERCIAL SERVICES, INC., ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy".

3. Because Defendant conducts business in Hawaii, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

5. Plaintiff is a natural person who currently resides in Ewa Beach, Hawaii and is allegedly obligated to pay a debt, and Plaintiff is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

6. Pursuant to the definitions outlined in *15 U.S.C. 1692a(1-6)*, Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from Plaintiff, and Plaintiff is a consumer debtor.

7. Defendant is a debt collector with an office in Van Nuys, California.

8. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

9. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

10. Defendant constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt.

11. Defendant called on an almost daily basis, multiple times per day, for a period of weeks.

12. Defendant regularly called Plaintiff three (3) to four (4) times per day.

13. Defendant contacted Plaintiff at her phone numbers (808) 388-9645 and (808) 685-8803 and requested return calls to its phone number (888) 355-4400.

14. Defendant failed to disclose in subsequent communications that the call was from a debt collector. (See Exhibit A)

15. Defendant threatened to contact Plaintiff's employer to "verify employment" unless the alleged debt was paid. (See Exhibit A)

16. Towards the end of May or in early June of 2011 Defendant threatened to file a lawsuit against Plaintiff.

17. Defendant represented or implied that it was a law firm when it identified itself as "NCS Legal Services" when in fact, to the best of Plaintiff's knowledge and belief, it is not a law firm and does not provide "legal services". (See Exhibit A)

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

18. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which was to harass, oppress, or abuse any person in connection with the collection of a debt;

   b. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring or engaging Plaintiff is telephone conversations repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff;

c. Defendant violated *§1692e* of the FDCPA by engaging in false, deceptive or misleading representation or means in connection with the collection of an alleged debt;

d. Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that could not legally be taken or that was not intended to be taken by threatening to contact Plaintiff's employer;

e. Defendant violated *§1692e(5)* of the FDCPA by threatening to file a lawsuit against Plaintiff;

f. Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means to collect or attempt to collect an alleged debt by implying it was a law firm and by using the name "NCS Legal Services" in its communications with Plaintiff; and

g. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the call was from a debt collector.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

18. Statutory damages of $1,000.00, pursuant to the FDCPA, 15 U.S.C. 1692k.

19. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

20. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED

Dated: 8/15/11

By: _____
Leslie K. Iczkovitz, Esq.
Attorney for Plaintiff

PLAINTIFF'S VERIFIED COMPLAINT

4